PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellee

v.

CONCEPCION OKADA
Defendant-Appellant

Criminal Appeal No. 78-0041A
District Court of Guam, Appellate Division
April 8, 1980

- - - - -

DUENAS and LAURETA, District Judges, and BURNETT, Designated Judge.

OPINION

PER CURIAM:

Convicted by a jury of delivering heroin, the defendant below was sentenced to a term of ten years and she was fined ten thousand dollars. (Judgment filed September 22, 1978). Several issues are presented on appeal, some of which when taken alone would require reversal with an order for a new trial. However, at least one of the errors complained of by defendant is so basic to a right to a fair trial that this Court, in reversing the conviction below, orders that the indictment be dismissed with prejudice.

Defendant was indicted on March 8, 1978 and after a series of pretrial motions, trial was finally set for July 28, 1978. However, when defendant and her counsel appeared on this date, she was told that an order had been entered by the trial court on July 24, 1978 to continue proceedings until August 11, 1978. When defendant formally objected to the unexplained delay, trial was rescheduled to commence on August 1, 1978.

However, this matter was continued once again on the Court's own motion for August 8, 1978, even though the transcript clearly indicates that there was a Superior Court Judge ready and able to hear the case on short notice. Finally, trial was continued once more, based on a long distance telephone call by the Presiding Judge of the Superior Court stating that he desired to handle the case himself and that trial should be delayed indefinitely pending completion of a murder trial scheduled for the following week.

Trial was finally commenced before the presiding judge on August 28, 1978. This was a month after trial was originally scheduled to proceed and after the defendant has moved unsuccessfully to have the presiding judge disqualified for bias. On the morning of trial, the government filed a document titled "Supplemental Discovery" which stated that several tape recordings of the defendant's conversations had been discovered to have been made, and that certain of these tapes had been lost.

The trial judge refused to allow introduction of the tapes in the case in chief, because there was no mention of any tapes in the government's previous answer to discovery relating to electronic surveillance. However, the tapes were subsequently admitted to rebut the defendant's statements on the stand that she had not been involved in any heroin transaction. Defendant's request for a one-week continuance to study the tapes was denied.

At the outset we are confronted by the fact that due to the government's negligence, the accused was severely hampered in the preparation of her defense. There can be no question that when the prosecutor's office failed to file a timely response to defendant's request for discovery, the accused was put at a distinct disadvantage in being required to proceed with the tape recordings dangling like a sword over her head as rebuttal evidence. However, even more basic to this appeal is whether the loss of the tape recordings requires dismissal of the indictment. As stated in United States v. Bryant, 448 F.2d 1182, 1184, "all discoverable evidence must be preserved; and tapes are no less discoverable. . . because they are of poor quality. It is the defendant's right to discover such evidence and decide for himself its usefulness."

We have an instance here where a government agent surreptitiously recorded certain crucial conversations, following no established police procedure and then unilaterally deciding that they were of no probative value. The record is unclear whether the tapes were lost or destroyed, but the end result to the defendant was the same: she was unable to use a possible exculpatory piece of evidence due to the government's clear negligence in investigating and preparing a case. Based on

Bryant, supra, dismissal of the indictment must result, Where, as here, there is no showing of excusable neglect.[1]

We are also very concerned by the fact that defendant's trial was delayed for a period of over four weeks because the Presiding Judge of the Superior Court desired to hear the case personally, even though there was at least one other Superior Court judge available at the original trial date. In addition to the right to a speedy trial guaranteed by the U.S. Constitution, Section 1.11 of the Guam Criminal Procedure Code [8 GCA] states that defendant is entitled "to a speedy and public trial." Although, it is within the discretion of the Superior Court to prepare its trial calendar, a defendant's right to a speedy trial should not be unreasonably delayed to accommodate an individual judge's schedule.

Closely related to the issue of unwarranted continuances of defendant's trial date is the question of whether or not the presiding judge should have disqualified himself from trying defendant's case. While the presiding judge arguably showed an abnormal interest in defendant's case in ordering the continuances, (and seemed to take the disqualification motion as a personal affront)[2], the affidavit filed in support of disqualification fails to set forth a clear case of specific bias against the particular defendant, Mrs. Okada.

This is not to suggest that we condone the action taken, which plainly and effectively destroyed the defendant's right to a speedy trial. If the indictment were not already ordered dismissed on the ground of government neglect in gathering evidence, we would be seriously pressed to consider whether or not dismissal of the indictment on speedy trial grounds would be appropriate. Also, it would seem that reversal of defendant's conviction alone would not be an effective sanction, because granting of a new trial would only result in defendant's being subjected to trial at a much later date than originally scheduled. The right to a speedy trial is not to be taken lightly; regardless of past scheduling practices in the Superior Court, a defendant's trial date should not be unreasonably delayed so that an individual judge may be present at trial.

The remaining issues as to ineffectiveness of counsel and the court's refusal to allow the off-island deposition of an unavailable witness for the defense are rendered moot by the analysis above, as is the question of certain allegedly improper matters considered at sentencing.

Concomitant with the reversal of defendant's conviction, it is hereby ordered that the indictment be dismissed with prejudice.

SO ORDERED.

Footnotes:

1. It is true that the Court in <u>Bryant</u> finally affirmed the conviction involving a lost tape, but only after it had balanced several factors involving the actual unintelligibility of the tape in question and the strong evidence of guilt adduced at trial. However, here, we do not have such strong factors to balance against the apparent negligence of the government. The record is not entirely clear as to what extent the tapes were intelligible, and the only real evidence against the defendant were the statements made by the agent who made the tape recordings. Also the negligence present in the instant appeal was considerably more egregious that present in <u>Bryant</u>, where there was at least a good faith effort to follow certain formalized procedures in collecting evidence.

2. See e.g. August 23, 1978 Transcript.